. OPINION of the Court, by
Ch. J. Boyle.
’This was an action oí detinue lor slaves. Issues were joined upon the pleas of non detinet arid the statute of limita-tioiU
On the trial, the defendant, to defeat the recovery of the plaintiff, who sued as administrator, produced in evidence a certificate of administration of the intestate’s estate, purporting to have been granted to Rebecca Henderson, the widow of the deceased, by a tribunal in Philadelphia, where.it was proven he had lived and died, to which the plaintiff objected, but the court overruled the objection and admitted it to go as evidence to the jury.
The only question material to be decided, is as to the admissibility of such evidence upon the issues joined.
A distinction is taken in the books betvfeen an action brought by an executor or administrator on his own possession, and one where he,d©elares on the possession of his,testator or intestate. In the former case, on-the general issue Ik i» held to be incumbent upon him not *392 only to prove the right of the testator or intestate, hut his right to represent the testator or intestate: for otherwise he would fail to prove his title to the thing in dispute. But where he declares upon the possession of thé testator or intestate, the right of the testator or intestate, and the wrong done to that right, are all that the plaintiff is bound to prove on the trial of the general issue. In such a case the right of the plaintiff to sue in his representative character cannot be controverted. To entitle the defendant to do this, it is necessary for him to traverse the plaintiff’s representative character by the' plea of ne unques executor, or ne unques administrator. —2 Ld. Ray. 824 — Peak’s Ev. 371.
In this case the plaintiff declared upon the possession of the intestate ; and as the defendant did r.ot by plea controvert the right of the plaintiff to sue in his representative character, the evidence produced tending to prove that he was not clothed with that character, was inadmissible. The court below therefore erred in admitting it.
Judgment reversed with costs.